# EXHIBIT C

Case 4:26-cv-00298   Document 1-3   Filed 01/14/26 in TXSD   Page 2 of 11

1/12/2026 10:10 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 109920327
By: Tianni Williams
Filed: 1/12/2026 10:10 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **CHRISTOPHER BEALS,** | § § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § § § | |
| V, | § § | \_\_\_\_\_ **JUDICIAL DISTRICT** |
| **HELMERICH & PAYNE MANAGEMENT, LLC, APACHE CORPORATION, GST, INC. D/B/A/ GRANT SMITH TRUCKING, INC. and JOHN DOE DEFENDANTS,** | § § § § § § § § | |
| **Defendants.** | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff CHRISTOPHER BEALS files this Original Petition complaining of Defendants HELMERICH & PAYNE, MANAGEMENT, LLC, APACHE CORPORATION, GST, INC. d/b/a GRANT SMITH TRUCKING, INC., and JOHN DOE DEFENDANTS (collectively, "Defendants"), and for cause of action would respectfully show the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level Three of the Texas Rules of Civil Procedure and will seek a scheduling order tailored to the needs of this case.

### II. PARTIES

2. Plaintiff Christopher Beals is an individual resident of Bay St. Louis, Mississippi. At all relevant times, he was employed as a floorhand by Defendant

Helmerich & Payne, Management, LLC and assigned to Rig No. 534. The last three digits of Christopher Beals Louisiana Identification card number are 068 and the last three of his SSN are 549.

3. Defendant Helmerich & Payne Management, LLC ("H&P") is an Oklahoma limited liability company licensed to do business in the State of Texas. Their principal office is located at 222 N. Detroit Ave., Tulsa, OK 74120. Defendant Helmerich & Payne Management, LLC may be served through its registered agent for service of process Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant Apache Corporation ("Apache") is a corporation doing business in the State of Texas. Its principal place of business is 2000 Post Oak Blvd., Ste. 100, Houston, Texas 77056. Defendant may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

5. Defendant GST, Inc. d/b/a Grant Smith Trucking, Inc. ("GST") is a corporation doing business in the State of Texas. Its principal place of business is 1605 S. County Road 1090, Midland, Texas 79706. Defendant may be served with process by serving its registered agent, Darwin Grant Smith at 1605 S. County Road 1090, Midland, Texas 79706.

6. John Doe Defendants are individuals and/or entities whose identities are currently unknown but who owned, operated, controlled, loaded, secured, dispatched, or were otherwise responsible for or involved in the transportation of the

derrick and/or the commercial motor vehicle involved in the collision. Plaintiff will amend this Petition to substitute the proper names when discovered.

7. Plaintiff specifically invokes Rule 28 of the Texas Rules of Civil Procedure and asserts this lawsuit against whatever person, business or entity that was doing business under the assumed or common name of any of the Defendants. Further, in the event that any of the parties identified above are misnamed or misspelled or not included herein, it is the contention of Plaintiff that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### III.   JURISDICTION & VENUE

8. This Court has jurisdiction over this matter because Plaintiff seeks monetary relief well within the jurisdictional limits of the Court.

9. Venue is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.002 because Defendant Apache's headquarters and principal place of business is located in Houston, Harris County, Texas.

### IV.   CLAIM FOR MONETARY RELIEF

10. Plaintiffs seek monetary relief over $1,000,000.00 pursuant to Texas Rule of Civil Procedure 47(c). The precise amount of damages is within the exclusive province of the jury.

### V.   FACTS

11. On Sunday, February 25, 2024, Plaintiff was traveling home after completing his two-week work hitch on Rig No. 534. Plaintiff and his fiancé live in Mississippi, and his fiancé drove to pickup Plaintiff after his hitch to give him a ride back to Mississippi. To pick him up, Plaintiff's fiancé had to travel down a private

lease road to the rig and Plaintiff's location. At that time, Rig No. 534 was located near Orla, Texas and in the process of being moved to a different location in Pecos, Texas.

12. After picking up Plaintiff, Plaintiff's fiancé drove back down the private lease road toward the highway to head back to Mississippi. At times, visibility was reduced on the private lease road due to high winds and dust. As Plaintiff's vehicle crested a hill on the lease road, it encountered an 18-wheeler unexpectedly stopped in the road. The 18-wheeler was transporting a large A-leg section of an oil rig derrick, a portion of which was protruding from the back of the trailer without any warning lights, flags, cones, or other safety devices to warn or alert other motorists of the over-sized load.

13. Before Plaintiff's fiancé could take evasive action, the derrick A-leg that was protruding from the back of the trailer smashed through the windshield of Plaintiff's vehicle, pinning Plaintiff's shoulder and nearly crushing him.

14. Following the impact, the driver of the 18-wheeler pulled forward and continued driving, dragging Plaintiff's vehicle and further manipulating the derrick A-leg that was now impaled into Plaintiff's vehicle causing it to further crush and injure Plaintiff. Plaintiff's vehicle was flung into the ditch once the A-leg finally dislodged from the vehicle and the driver of the 18-wheeler continued driving and left the scene.

15. Plaintiff was transported to the emergency room in Pecos, Texas and later airlifted to Medical Center Hospital in Odessa, Texas where he was diagnosed with a fractured clavicle, fractured sternum, and five fractured ribs.

16. Upon information and belief, the 18-wheeler tractor and trailer were owned and/or being operated by Defendant GST and its employees, agents, and/or assigns. Upon information and belief, Plaintiff's employer, Defendant H&P, hired, selected, authorized, and/or allowed the GST Defendants to transport the derrick and/or had the right to control the manner of the transportation of the derrick. Upon information and belief, the derrick involved in this collision that was being transported was owned by Defendant Apache Oil Corporation who, upon information and belief, either hired H&P and/or the GST or other John Doe Defendants to transport the derrick and/or had the right to control the manner of the transportation of the derrick. Upon information and belief, the John Doe Defendants were responsible for loading, operating, coordinating, and/or were otherwise involved in and/or had the right to control the transportation of the derrick.

## VI.   CAUSES OF ACTION

### A. Negligence

17. The previous paragraphs are fully incorporated by reference.

18. At all relevant times, Defendants owed a duty to Plaintiff to operate, load, secure, and transport the derrick equipment in a reasonably safe manner.

19. Defendants breached their duties, including but not limited to:

   a. Failing to properly load, secure and mark an oversized load;

    b. Transporting a protruding derrick component without required lighting or warnings;

    c. Operating a commercial motor vehicle in hazardous weather conditions without appropriate precautions;

    d. Failing to place required emergency warning devices in the road to warn of the stopped tractor/trailer and protruding derrick;

    e. Coming to a stop in the middle of the road in low-visibility conditions;

    f. Stopping the 18-wheeler in the road just after cresting a hill which significantly reduced its visibility and/or other motorists time to perceive the danger and react,

    g. Failing to follow prudent, careful, and cautious driving practices as a driver of ordinary prudence would have done under the same or similar circumstances, and

    h. Failing to operate the tractor/trailer and/or transport the derrick in a safe manner.

20. Each of these acts and omissions constitutes negligence and was a proximate cause of Plaintiff's injuries and damages.

**B. Vicarious Liability**

21. The previous paragraphs are fully incorporated by reference.

22. At all relevant times, Defendants were acting within the course and scope of their employment, agency, joint venture, and/or contractual relationship in furtherance of their business operations and/or the business operations of the other Defendants.

23. Defendants exercised control and/or retained the right to control the loading, transportation, routing, timing, and/or operation of the tractor/trailer transporting the derrick and/or the manner in which the derrick was being transported.

24. Accordingly, Defendants are vicariously liable for the negligent acts and/or omissions of the other Defendants and/or their employees, agents, and/or assigns under the doctrines of respondeat superior, agency, joint enterprise, and/or joint venture.

### C. Negligent Selection, Approval, Hiring, Training, Supervision, and Failure to Control.

25. Defendants owed a duty to Plaintiff to review, approve, accept, select, hire, supervise, monitor, and otherwise control the employees, agents, drivers, and/or contractors involved in the transportation of the derrick to ensure it was transported safely and without endangering others, including Plaintiff.

26. Defendants breached these duties by, among other things, failing to properly select, vet, train, supervise, monitor, and control those responsible for loading, securing, operating, and/or otherwise transporting the derrick component.

27. Defendants' negligent acts include, but are not limited to, the following:

   a. Negligently selecting, approving and/or retaining those involved in the transportation of the derrick equipment;
   b. Negligently selecting, approving and/or retaining those involved in loading the derrick equipment on the trailer for transportation;
   c. Negligently selecting, approving, and retaining those involved in operating the tractor/trailer hauling the derrick equipment;
   d. Failing to prohibit unsafe driving, loading, and/or transportation practices;
   e. Failing to train and instruct those involved in transporting the derrick in proper driving, loading, and transportation techniques;
   f. Permitting, encouraging, and/or approving unsafe loading, driving, and/or transportation practices; and

    g. Failing to monitor and/or control those involved in the transportation of the derrick equipment.

28. These breaches were a proximate cause of Plaintiff's injuries and damages.

## VII.    PERSONAL INJURIES AND DAMAGES

29. As a proximate result of Defendants' negligence, Plaintiff has suffered the following damages, past and future:

    a. Past and future physical pain and suffering;
    b. Past and future mental anguish;
    c. Past and future physical impairment and disability;
    d. Past and future medical expenses;
    e. Past and future loss of earning capacity;
    f. Personal property damages; and
    g. Other compensable damages under Texas law.

## VIII.    RULE 193.7 NOTICE

Pursuant to Tex. R. Civ. P. 193.7, Plaintiff reserves the right to utilize any documents produced during the course of discovery in this case as evidence at the time of trial.

## IX.    PLAINTIFF'S JURY DEMAND

Plaintiff demands a trial by Jury.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that upon final trial Plaintiff recover judgment against Defendants for all actual damages, costs of court, pre-judgment and post-judgment interest, and all other relief, at law or in equity, to which Plaintiff may

be justly entitled.

        Respectfully submitted,

*/s/ B. Bursey*

Jason B. Stephens
Texas Bar No. 24003001
Email: Jason@StephensLaw.com
R. Rieker Carsey
State Bar No. 24075665
Email: Rieker@StephensLaw.com
J. Brison Bursey
Texas Bar No. 24096769
Brison@StephensLaw.com
STEPHENS LAW FIRM, P.L.L.C.
1300 S. University Drive, Suite 300
Fort Worth, Texas 76107
(817)420-7000 – Telephone
(817)420-7777 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Meg Tweed on behalf of Jon Bursey
Bar No. 24096769
meg@stephenslaw.com
Envelope ID: 109920327
Filing Code Description: Petition
Filing Description: 26.01.12 - Plaintiff's Original Petition - Beals
Status as of 1/12/2026 11:59 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Meg Tweed | | meg@stephenslaw.com | 1/12/2026 10:10:18 AM | NOT SENT |
| Jason B.Stephens | | Jason@StephensLaw.com | 1/12/2026 10:10:18 AM | NOT SENT |
| Tracy L.Heffner | | tracy@StephensLaw.com | 1/12/2026 10:10:18 AM | NOT SENT |
| Brison Bursey | | Brison@StephensLaw.com | 1/12/2026 10:10:18 AM | NOT SENT |