UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BEALS | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| HELMERICH & PAYNE MANAGEMENT, LLC, APACHE CORPORATION, GST, INC. D/B/A GRANT SMITH TRUCKING, INC. and JOHN DOE DEFENDANTS | § § § § § § | Civil Action No. 4:26-cv-00298 |
| | § | |
| *Defendants*. | § | |

## DEFENDANT H&P MANAGEMENT, LLC'S
## AMENDED NOTICE OF REMOVAL OF AN ACTION FROM STATE COURT

Defendant Helmerich & Payne Management, LLC ("Defendant" or "H&P Management") files its Amended Notice of Removal of an Action from State Court based upon 28 U.S.C. § 1446(b), which allows amendment to notices of removal within thirty (30) days of the initial filing of such notice, hereby giving notice of the removal of the above-referenced action from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, Houston Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Rule 81 of the Federal Rules of Civil Procedure. As grounds for this removal, Defendant states as follows:

### I. Pleadings, Process, and Orders

1. On January 12, 2026, Plaintiff Christopher Beals ("Plaintiff") filed suit against H&P Management in the 164th Judicial District Court of Harris County, Texas (the "State Court Action"). A true and correct copy of the Original Petition filed in the State Court Action is attached hereto as **Exhibit C.**

1

2. Plaintiff asserts that H&P Management "hired, selected, authorized, and/or allowed" a third party whom allegedly caused Plaintiff's injuries in an automobile collision. Ex. C, Orig. Pet. at ¶ 16. Plaintiff seeks damages for the injuries he allegedly sustained in the collision. Ex. C, Orig. Pet. at ¶¶ 28-29.

3. H&P Management timely filed the Notice of Removal on January 14, 2026. *See* ECF-1.

4. Defendant Apache Oil Corporation ("Apache"), an improperly joined forum defendant, was served with Plaintiff's Original Petition in the state court on January 14, 2026, shortly before the Notice of Removal was filed.[1] A true and correct copy of the service of process of Plaintiff's Original Petition on Apache is attached hereto as **Exhibit E.**

5. Defendant GST, Inc. (d/b/a Grant Smith Trucking, Inc.) ("GST") was served on January 22, 2026. A true and correct copy of the service of process of Plaintiff's Original Petition on GST is attached hereto as **Exhibit F.**

6. H&P Management was served on January 16, 2026. A true and correct copy of the service of process of Plaintiff's Original Petition on H&P is attached hereto as **Exhibit G.**

**7.** No Defendant has appeared or answered in the State Court Action.

## II. <u>Jurisdiction</u>

8. This Court has original subject matter jurisdiction over this lawsuit based on diversity of citizenship as set forth below.

9. By filing this Notice of Removal, H&P Management does not make a general appearance in this Court or the State Court and does not consent to the personal jurisdiction of this

---

[1] At the time the Notice of Removal was filed, H&P was not aware that Apache Oil Corporation had been served earlier the same day. H&P thus corrects this statement in this amended Notice to include this subsequently learned information.

Court or the State Court. *See Ariz. v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (superseded by statute on other grounds) ("[I]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal."). H&P reserves all rights to raise any and all available defenses in this Court or in the State Court in the event of a remand, including objections to any Texas court's personal jurisdiction over H&P.

10. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) in that this is a civil action between citizens of different states. Removal of this action is proper because there is complete diversity of citizenship among all properly joined and served parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs, when the value of the non-monetary relief is taken into account.

11. Plaintiff is a natural person and a resident of Mississippi. *See* Ex. C, Orig. Pet. at ¶ 2.

12. As alleged in Plaintiff's complaint, H&P Management, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Oklahoma. *See* Ex. C, Orig. Pet. at ¶ 3.

13. Plaintiff alleges that Apache is a corporation organized under the laws of Texas with its principal place of business in Texas. *See* Ex. C, Orig. Pet. at ¶ 4.

14. Plaintiff alleges that unserved Defendant GST is a corporation organized under the laws of Texas with its principal place of business in Texas. *See* Ex. C., Orig. Pet. at ¶ 5.[2]

---

[2] Because GST had not been served at the time of this removal, removal is not barred due to its Texas citizenship under 28 U.S.C. § 1441(b)(2). *See Texas Brine Co., LLC v. American Arbitration Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020) (citing and discussing *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019)); *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, 2020 U.S. Dist. LEXIS 122244, 2020 WL 3962247, at *6 (S.D. Tex. July 13, 2020) (Atlas, J.) ("§ 1441(b)(2) allows for 'removal prior to service on all defendants,' also known as 'snap removal.'") (internal citations and quotations omitted).

15. Plaintiff alleges that unserved John Doe Defendants are individuals and/or entities whose identities are currently unknown.

16. Thus, there is complete diversity of citizenship among Plaintiff, a citizen of Mississippi, and Defendants, citizens of Delaware, Oklahoma, and Texas.

17. Plaintiff alleges that "past and future physical pain and suffering," "past and future mental anguish," "past and future physical impairment and disability," "past and future medical expenses," "past and future loss of earning capacity," and "personal property damages," as well as other "compensable damages under Texas law." *See* Ex. C, Orig. Pet. at ¶ 29. Plaintiff further alleges he was "airlifted to Medical Center Hospital in Odessa" following the collision, and that he "was diagnosed with a fractured clavicle, fractured sternum, and five fractured ribs." *See id.* at ¶ 15. Thus, on information and belief, the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000, giving rise to original federal court jurisdiction pursuant to 28 U.S.C. § 1332.

18. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332, and the State Court Action is removable under 28 U.S.C. §§ 1441(a) and (b).

### III.  Venue

19. Because the State Court Action is pending in the 164th Judicial District Court of Harris County, Texas, which lies within the United States District Court for the Southern District of Texas, Houston Division, venue is proper in this Court pursuant to 28 U.S.C. § 1446(a). Therefore, venue is proper in this Court for removal pursuant to 28 U.S.C. § 1446(a). H&P does not concede, however, that venue is proper in this Court for this action, nor does it concede that venue was proper in Harris County in the event of a remand.

## IV. Improper Joinder

20. Defendant Apache is improperly joined in this action. Accordingly, service upon Apache prior to removal of this action does not bar removal under 28 U.S.C. § 1441(b)(2).

21. A party may demonstrate improper joinder by establishing: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Crocket v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). To prevail on an improper joinder argument without the existence of actual fraud, the standard is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). If the plaintiff's complaint omits "discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry" to identify specific facts that would preclude the plaintiff's recovery against the in-state defendant. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).

22. In this case, Plaintiff uses of the "see-what-sticks approach," lumping together all defendants with vague allegations. "[L]umping together multiple defendants without identifying who is responsible for which acts does not satisfy the requirements of Rules 8(a)(2) and 12(b)(6)." *Del Castillo v. PMI Holdings N. Am. Inc.*, Civ. Action No. 4:14-cv-03435, 2016 WL 3745953, at *13 (S.D. Tex. Jul. 13, 2016). Where a district court would be "unable to discern the specific duties owed and the conduct alleged to have breached those duties as to each Defendant," a plaintiff's allegations should be dismissed. *Rowland v. Sw. Corr., LLC,* No. 420CV00847ALMCAN, 2021 WL 4206409, at *13 (E.D. Tex. Aug. 17, 2021), report and recommendation adopted, No. 4:20-

CV-847, 2021 WL 4191433 (E.D. Tex. Sep. 15, 2021). A plaintiff must allege facts that "attribute to a particular defendant an act that could not have been committed by a group." *Taylor v. Coca-Cola Co.*, No. 3:20-cv-2880-D, 2020 WL 6799257, at *1 (N.D. Tex. Nov. 19, 2020).

23. Plaintiff's Original Petition completely fails to state a claim against Apache. Plaintiff's claims against Apache consist of naked assertions devoid of factual enhancement. Moreover, Plaintiff lumps Apache with other Defendants in asserting generalized allegations that do not assert a claim against Apache without delineating specific allegations as to the duties or breaches attributable to each respective defendant as required by Rule 8(a) and Rule 12(b)(6). *See* Ex. C, Orig. Pet. at ¶¶ 17-28. Plaintiff's failure to properly plead his factual allegations, instead utilizing the heavily disfavored "shotgun pleading" method, demonstrates that Apache has been improperly joined to this lawsuit.

24. Because there is no possibility that Plaintiff can maintain a cause of action against Apache based on the pleaded facts, Apache is improperly joined and should be dismissed from the lawsuit. Accordingly, Apache's citizenship – and service upon it prior to removal – should be ignored for purposes of determining whether removal to this Court is proper.

## V. Timeliness of Removal and Amendment

25. Plaintiff's Petition was filed on January 12, 2026. H&P filed its Notice of Removal on January 14, 2026.

26. Removal of this matter was therefore timely effectuated within thirty (30) days after Defendants received Plaintiff's Original Petition "through service or otherwise." 28 U.S.C. § 1446(b); *Delgado v. Shell Oil Co.*, 231 F.3d 165 (5th Cir. 2000) ("We read § 1446(b) and its 'through service or otherwise' as consciously reflecting the desire on the part of Congress to

6

require that an action be commenced against a defendant before removal, but not that the defendant have been served."). Therefore, this removal is timely under 28 U.S.C. § 1446(b).

27. Moreover, this Amended Notice of Removal, filed within 30 days of H&P Management's Notice of Removal, is proper under 28 U.S.C. § 1446(b). "A defendant seeking to amend its notice of removal may do so freely within the thirty-day period in 28 U.S.C. § 1446(b) for the original filing of a notice of removal." *New Bethlehem Missionary, Baptist Church v. Church Mut. Ins. Co.*, No. CIV.A H-09-3901, 2010 WL 936477, at *2 (S.D. Tex. Mar. 11, 2010) (citing *Wright v. Combined Ins. Co. of Am.*, 959 F.Supp. 356, 359 (N.D. Miss. 1997)). Here, H&P Management files this Amended Notice of Removal on February 13, 2026, within 30 days of its original notice of removal, which was filed January 14, 2026. *See* ECF-1.

## VI. Service

28. Contemporaneously with the filing of this Amended Notice of Removal in the United States District Court for the Southern District of Texas, Houston Division, written notice of such filing is being served upon Plaintiff's attorneys of record. In addition, a copy of the original Notice of Removal was be filed with the 164th Judicial District Court of Harris County, Texas, on January 14, 2026. As such, H&P has met the notice requirements set out in 28 U.S.C. § 1446(d).

## VII. Payment of Filing Fee

29. H&P tendered the proper filing fee upon filing of its original Notice of Removal.

## VIII. Compliance with 28 U.S.C. § 1446(a)

30. Pursuant to 28 U.S.C. § 1446(a) and S.D. Tex. LR81, the following documents are attached hereto:

| Exhibit | State Court Filing |
|---|---|
| A | Civil Cover Sheet |
| B | State Court Record (as of January 13, 2026) |

| C | Plaintiff's Original Petition, filed January 12, 2026 |
|---|---|
| D | List of All Counsel of Record |
| **All Executed Process in This Case** | |
| E | Return of Service for Apache |
| F | Return of Service on H&P Management |
| G | Return of Service on GST |

## PRAYER

WHEREFORE, H&P requests that the above-described action now pending in the 164th Judicial District Court of Harris County, be removed to this Honorable Court.

Dated: February 13, 2026

Respectfully submitted,

**BAKER & McKENZIE LLP**

 /s/ Meghan E. Hausler
M. Michelle Hartmann
*Attorney-in-Charge*
State Bar No. 24032402
S.D. Texas Bar No. 4557758
michelle.hartmann@bakermckenzie.com
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

**ATTORNEY-IN-CHARGE FOR DEFENDANT HELMERICH & PAYNE MANAGEMENT, LLC**

OF COUNSEL:

Meghan E. Hausler
State Bar No. 24074267
S.D. Texas Bar No. 1553479
meghan.hausler@bakermckenzie.com
Carson J. Henderson
State Bar No. 24138122
S.D. Texas Bar No. 3874144
carson.henderson@bakermckenzie.com
**BAKER & MCKENZIE, LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the Court's electronic filing system, in accordance with the Federal Rules of Civil Procedure, on this 13th day of February, 2026.

**Stephens Law Firm, P.L.L.C.**
Jason B. Stephens
*jason@stephenslaw.com*
*R. Rieker Carsey*
*rieker@stephenslaw.com*
*J. Brison Bursey*
*brison@stephenslaw.com*
*1300 S. University Dr., Suite 300*
*Fort Worth, Texas 76107*

**COUNSEL FOR PLAINTIFF
CHRISTOPHER BEALS**

                                                */s/ Meghan E. Hausler*
                                                Meghan E. Hausler