UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| CHRISTOPHER BEALS | § | |
| --- | --- | --- |
| *Plaintiff*, | § § § | |
| v. | § § | |
| HELMERICH & PAYNE MANAGEMENT, LLC, APACHE CORPORATION, GST, INC. D/B/A GRANT SMITH TRUCKING, INC. and JOHN DOE DEFENDANTS | § § § § § § § | Civil Action No. 4:26-cv-00298 |
| *Defendants*. | § § | |

# HELMERICH & PAYNE MANAGEMENT, LLC'S
# MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6)

Defendant Helmerich & Payne Management, LLC ("H&P Management") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Christopher Beals's claims against H&P Management for failure to state a claim under Rule 12(b)(6).

## SUMMARY OF ARGUMENT & STATEMENT OF ISSUES

Under Rule 12(b)(6), Plaintiff's claims against H&P Management fail as a matter of law and must be dismissed for failure to state a claim. According to Plaintiff's Original Petition, this case arises out of a motor vehicle incident wherein Plaintiff's fiancé drove his vehicle on a private lease road in reduced visibility conditions at such a speed that when she crested a hill, she was unable to stop the vehicle before colliding into a section of oil rig derrick being transported by an 18-wheeler. Plaintiff's allegations wholly fail to state a cognizable claim for relief against H&P Management. Instead, Plaintiff improperly lumps all "Defendants" together in the allegations for each of his causes of action, as opposed to delineating any alleged act or breach based upon purported action of the individual Defendants such as H&P Management. Moreover, Plaintiff

bases his causes of action on mere conclusory allegations, unsupported by factual assertions. In short, Plaintiff's factual allegations are not facially plausible, and thus fail to state a claim upon which relief can be granted. Plaintiff provides no sufficient factual connection between H&P Management and the events giving rise to this lawsuit. Because Plaintiff fails to state valid claims for negligence, negligent hiring, or vicarious liability, H&P Management requests that the Court dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) with prejudice.

## NATURE AND STAGE OF THE PROCEEDING

On January 12, 2026, Plaintiff filed his Original Petition in the District Court of Harris County, Texas, on January 12, 2026. *See* ECF 1-3. On January 14, 2026, H&P Management removed the action to this Court on the basis of diversity jurisdiction. *See* ECF 1. On February 13, 2026, Plaintiff filed his opposed Motion to Remand. ECF 9. H&P Management filed its Amended Notice of Removal on February 13, 2026. ECF 11.

H&P Management now seeks dismissal of all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), as Plaintiff fails to state any claim upon which relief can be granted. This Motion is timely filed before any answer or other responsive pleading by H&P Management.

## FACTUAL BACKGROUND

This case concerns a motor vehicle accident which occurred when Plaintiff's vehicle was driven into the back of a commercial vehicle transporting a portion of an oil rig. In his Petition, Plaintiff alleges that on February 25, 2024, he was traveling home after completing his two-week work hitch on Rig No. 534. Orig. Pet. at ¶ 11. Plaintiff alleges his fiancé picked him up, then drove back down a private lease road to travel back to Mississippi, Plaintiff's state of residence. *Id.* at ¶ 12. Plaintiff alleges that "[a]t all times, visibility was reduced on the road due to high winds and dust." *Id.* Plaintiff further alleges that upon cresting a hill on the lease road, before his fiancé could

take evasive action, she drove his vehicle into an 18-wheeler carrying a "large A-leg section of an oil rig derrick." *Id.* at ¶¶ 12-13. Plaintiff alleges that the 18-wheeler was "unexpectedly stopped" and that a portion of the derrick was protruding from the back of the trailer without any safety devices to warn or alert motorists of the "over-sized load." *Id.*

The Petition contains a single sentence containing allegations specific to H&P Management. Specifically, Plaintiff alleges, based upon information and belief, that H&P "hired, selected, authorized, and/or allowed [GST] to transport the derrick and/or had the right to control the manner of transportation of the derrick." Orig. Pet. at ¶ 16. Plaintiff's allegations as to the other Defendants are likewise conclusory. He alleges, on information and belief, that Defendant GST, Inc. ("GST") owned and/or operated the 18-wheeler tractor and trailer and that Defendant Apache Corporation ("Apache") owned the derrick and either hired H&P, GST, and/or the John Doe Defendants and/or had a right to control the manner of the transportation of the derrick. *Id.*. Plaintiff alleges, again on information and belief, that the John Doe Defendants "were responsible for loading, operating, coordinating, and/or were otherwise involved in and/or had the right to control the transportation of the derrick." *Id.*.

With only these conclusory allegations, Plaintiff asserts claims against Defendants, collectively, for negligence, vicarious liability, and negligent hiring. *Id.* at ¶¶ 17-29. Plaintiff's allegations are facially insufficient to state a claim for relief and should be dismissed.

**LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must provide factual allegations sufficient "to raise a right to relief above

3

the speculative level." *Twombly*, 550 U.S. at 555; *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). Plaintiffs are obligated to provide their grounds for entitlement to relief with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 696 (quoting *Twombly*, 550 U.S. at 557).

Although a district court ruling on a motion to dismiss is required to accept all well-pleaded facts as true, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bass v. Stryker Corp.*, 669 F.3d 501, 505 (5th Cir. 2012) (internal citations omitted). Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663; *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).[1] "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Langston v. Dominey*, No. 4:25-CV-02805, 2026 WL 124851, at *3 (S.D. Tex. Jan. 16, 2026) (Hanen, J.). The allegations in a complaint must have more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" or a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Additionally, when exercising diversity jurisdiction over a case based upon state law, federal courts apply the substantive law of that state. *Hux v. S. Methodist Univ.*, 819 F.3d 776, 780 (5th Cir. 2016) (stating district courts apply Texas law by looking to Texas appellate decisions

---

[1] "Dismissal under Rule 12(b)(6) is proper not only where the plaintiff fails to plead sufficient facts to support a cognizable legal theory, but where the plaintiff fails to allege a cognizable legal theory." *In re Enron Corp.*, 238 F. Supp. 3d 799, 814 (S. D. Tex. 2017) (Harmon, J.).

4

using an *Erie* guess to predict what the Texas Supreme Court would do if presented with the same facts); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 87 (1938). Tort law is a matter of state law. *See Erie*, 304 U.S. at 87. Thus, because Plaintiff's claims are based in tort, the Court should apply Texas law to the issues in this Motion.

## ARGUMENTS AND AUTHORITIES

Even taking Plaintiff's threadbare allegations as true, Plaintiff fails to plead facts sufficient to state a claim against H&P Management. Accordingly, the Court should dismiss each of Plaintiff's claims against H&P Management under Rule 12(b)(6).

### A. Plaintiff fails to state a claim for negligence.

Plaintiff fails to allege enough facts against H&P Management to rise above a speculative level for his negligence claim. To assert a negligence claim under Texas a law, a Plaintiff must allege sufficient facts to show "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *Nabors Drillings USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (applying Texas substantive tort law). "The existence of a legal duty is a question of law for the court to decide, and that determination is made 'from the facts surrounding the occurrence in question.'" *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005) (quoting *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex. 1994)). If the defendant owed no duty, it cannot be found liable for negligence. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 542 n.19 (5th Cir. 2005); *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999) (citing *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex.), cert. denied, 525 U.S. 1019 (1998)).

Here, Plaintiff asserts a negligence claim against Defendants collectively, asserting that "Defendants" (without specification) "owed a duty to Plaintiff to operate, load, secure, and transport the derrick equipment in a reasonably safe manner" and breached "their duties" through

a laundry list of allegedly negligent actions. Orig. Pet. at ¶ 18. Plaintiff wholly fails to distinguish his allegations between individual defendants, opting instead to lump the Defendants together for essentially every allegation. *See id.* at ¶¶ 17-29. Plaintiff's pleading is simply insufficient to "satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2) and 12(b)(6)." *City Nat'l Rochdale Fixed Income Opps. (Ir.) Ltd. v. Am. Gen. Life Ins. Co.*, No. 3:17-cv-2067-S (BT), 2018 WL 4732431, at *3 (N.D. Tex. Sep. 13, 2018) (citing *Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015)); *see also Taylor v. Coca-Cola Company*, No. 3:20-CV-2880-D, 2020 WL 6799257, at *1 (N.D. Tex. Nov. 19, 2020) (stating that a "complaint must attribute to a particular defendant an act that could not have been committed by a group."). Plaintiff's failure to distinguish his allegations between defendants is reason alone for Plaintiff's negligence claim to be dismissed.

Even taking his cursory allegations regarding H&P Management as true, Plaintiff fails to identify any legal duty owed by H&P Management to Plaintiff, much less that H&P Management breached any such duty. Plaintiff further fails to assert factual allegations sufficient to establish that any alleged breach of a duty by H&P, if one had properly been pled, proximately caused injury to Plaintiff. By his own account, Plaintiff was injured when his fiancé drove his vehicle over a hill on a private lease road in reduced visibility conditions at such a speed that she caused a derrick to "smash[] through the windshield of Plaintiff's vehicle . . . nearly crushing him." Orig. Pet. at ¶ 13. *See Werner Enterprises, Inc. v. Blake*, 719 S.W.3d 525, 533 (Tex. 2025) (quoting *Stanfield v. Neubaum*, 494 S.W.3d 90, 97 (Tex. 2016)) ("If . . . the defendant's conduct 'merely creates the condition that makes the harm possible, it is not a substantial factor in causing the harm as a matter of law.'").

Because Plaintiff has failed to state a claim upon which relief can be granted, H&P Management requests that Plaintiff's claims be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**B.    Plaintiff fails to state a claim for negligent hiring.**

Plaintiff likewise fails to plead sufficient facts to sustain a claim for negligent hiring. To establish a negligent hiring claim, Plaintiff must prove (1) the employer owed the plaintiff a legal duty to hire, supervise, train, or retain a competent employee or contractor; (2) the employer breached that duty; (3) the employee or contractor committed a tort; and (4) the breach and the tort proximately caused the plaintiff's injury. *See Endeavor Energy Res. v. Cuevas*, 593 S.W.3d 307, 311 (Tex. 2019); *see also Freyer v. Lyft, Inc.*, 639 S.W.3d 772, 784 (Tex. App.—Dallas 2021, no pet.).

Plaintiff has not pled any facts that would allow the Court to infer that H&P Management negligently hired GST or any other party. In pleading its negligent hiring claim, Plaintiff again lumps all defendants together, a practice known as "shotgun pleading" that remains disfavored by a variety of federal courts. *See Martinez v. Neuces Cnty., Tex.*, No. 2:13-CV-178, 2013 WL 6190519, at *3 (S.D. Tex. Nov. 26, 2013) (Ramos, J.) (citing *Liebman v. Deutsche Bank Nat'l Trust Co.*, 462 Fed.Appx. 876, 879 (11th Cir. 2012); *Abrams v. CIBA Specialty Chems. Corp.*, No. 08-0068, 2008 WL 4183344, at *4 (S.D. Ala. Sep. 10, 2008)). The practice of "lumping together multiple defendants without identifying who is responsible for which acts" warrants dismissal. *Del Castillo v. PMI Holdings N. Am., Inc.*, No. 4:14-cv-03435, 2016 WL 3745953, at *13 (S.D. Tex. Jul. 13, 2016) (Ellison, J.) (dismissing negligence, gross negligence, and negligence *per se* claims because the complaint did not identify which defendant was responsible for specific acts). Moreover, rather than alleging facts specific to the negligent hiring claim, Plaintiff again recites a number of conclusory statements without asserting any factual allegations in support. Orig. Pet. at

¶¶ 25-28. Thus, because Plaintiff has failed to state a claim for which relief can be granted by failing to plead plausible facts, Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

C.     **Plaintiff fails to state a claim for vicarious liability.**

Plaintiff additionally fails to plead sufficient facts to establish vicarious liability above a speculative level. Plaintiff generally asserts claims for "vicarious liability" against all Defendants and again shotgun pleads, claiming Defendants are liable for "negligent actions and/or omissions of the other Defendants and/or their employees, agents, and/or assigns under the doctrines of respondeat superior, agency, joint enterprise, and/or joint venture." Orig. Pet. at ¶ 24. Plaintiff cannot simply name various doctrines of vicarious liability without providing corresponding factual allegations to support those doctrines. *See Iqbal*, 556 U.S. at 663 (emphasizing "the tenet that a court must accept a complaint's allegations as true is **inapplicable to threadbare recitals of a cause of action's elements**, supported by mere conclusory statements").

1.     **Plaintiff fails to state a claim under a respondeat superior theory or a vague theory of "agency."**

To establish a claim under the theory of respondeat superior, Plaintiff must prove (1) he was injured as a result of a tort; (2) the tortfeasor was an employee of the defendant; (3) the tort was committed while the employee was acting within the scope of employment, meaning the act was (a) within the employee's general authority; (b) in furtherance of the defendant's business, and (c) for the accomplishment of the object for which the employee was hired. *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998).

Here, Plaintiff has failed to plead sufficient facts that H&P Management is liable for any of Plaintiff's injuries under the theory of respondent superior. Plaintiff pleads only that "Defendants were acting within the court and scope of their employment . . . in furtherance of their

business operations," without pointing to anyone whom H&P Management could have employed, any authority exercised by H&P Management, or any objectives for the business operations to which Plaintiff vaguely alludes. Orig. Pet. at ¶ 22. Plaintiff again lumps all Defendants together with the conclusory allegation that **all** "Defendants exercised control and/or retained the right to control" the loading and transportation of the derrick. *Id*. at ¶ 23.

Plaintiff also claims, without any supporting allegations, that H&P Management, collectively with the other defendants, is liable under an "agency" theory. The United States Court for the Southern District of Texas has recently dismissed similar vicarious liability allegations in which the plaintiff admitted in her Complaint, "[t]he interrelation of the Defendants named herein is not precisely known by Plaintiff or her counsel, but appear to be that contemplated by the Texas doctrine of joint enterprise." *Hamann v. Chopra*, No. 4:19-cv-1863, 2020 WL 14032470, at *2 (S.D. Tex. Mar. 24, 2020) (Bennett, J.). The blanket term "agency," without more specificity, is not a theory of liability under Texas law, and without more factual allegations to support Plaintiff's claims, Plaintiff cannot plausibly sustain a claim for vicarious liability under Rule 12(b)(6). Thus, because Plaintiff has failed to state a claim for relief by failing to plead plausible facts, Plaintiff's claims should be dismissed.

2.   **Plaintiff fails to state a claim for joint enterprise or joint venture.**

Plaintiff again fails to state a claim under theories for joint enterprise or joint venture, and instead simply names doctrines of liability without supporting factual allegations. *See* Orig. Pet. at ¶ 24. To establish that parties were acting under a joint enterprise or joint venture, Plaintiff must show that the defendants had (1) an agreement; (2) a common purpose to be carried out by the enterprise; (3) a community of pecuniary interest in that common purpose; and (4) an equal right to direct and control the enterprise. *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 528 n.47 (Tex. 2002).

Plaintiff must also show that a member of the enterprise committed a tort against Plaintiff while acting within the scope of the enterprise. *Id*. Plaintiff fails to plead sufficient facts to establish a joint enterprise theory of liability.

Plaintiff again improperly lumps all defendants together and simply names different doctrines of vicarious liability, throwing in joint enterprise and/or joint venture without elaboration or factual support. Orig. Pet. at ¶ 24. This type of vague shotgun pleading is the exact behavior Rule 12(b)(6) is intended to prevent. *See Twombly*, 550 U.S. at 556 (reasoning plaintiffs are required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Thus, because Plaintiff has failed to state a claim for which relief can be granted by failing to plead plausible facts as to the nature of its vicarious liability allegations, Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## **CONCLUSION**

As shown above, Plaintiff fails to state any claim upon which relief can be granted under Texas common law, and the Court should dismiss Plaintiff's Petition. Defendant H&P Management, LLC, respectfully requests that the Court grant H&P Management's 12(b)(6) Motion to Dismiss and dismiss Plaintiff's Petition with prejudice, and that the Court provide all other and further relief to which to H&P Management is justly entitled.

Dated: February 16, 2026                                   Respectfully submitted,

                                                           **BAKER & McKENZIE LLP**

                                                           _/s/ Meghan E. Hausler_
                                                           M. Michelle Hartmann
                                                           *Attorney-in-Charge*
                                                           State Bar No. 24032402
                                                           S.D. Texas Bar No. 4557758
                                                           michelle.hartmann@bakermckenzie.com
                                                           1900 North Pearl Street, Suite 1500
                                                           Dallas, Texas 75201
                                                           Telephone: (214) 978-3000
                                                           Facsimile: (214) 978-3099

                                                           **ATTORNEY-IN-CHARGE FOR DEFENDANT HELMERICH & PAYNE MANAGEMENT, LLC**

OF COUNSEL:

Meghan E. Hausler
State Bar No. 24074267
S.D. Texas Bar No. 1553479
meghan.hausler@bakermckenzie.com
Carson J. Henderson
State Bar No. 24138122
S.D. Texas Bar No. 3874144
carson.henderson@bakermckenzie.com
**BAKER & MCKENZIE, LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

## **CERTIFICATE OF SERVICE**

On February 16, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Meghan E. Hausler*
Meghan E. Hausler