United States District Court
Southern District of Texas

**ENTERED**

June 15, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BEALS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-00298 |
| | § | |
| HELMRICH & PAYNE | § | |
| MANAGEMENT, LLC ET AL., | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Defendant Helmrich & Payne Management, LLC (H&P) removed this negligence case from state court asserting diversity jurisdiction and a "snap removal" prior to the forum defendants being served.[1]  ECF 1.  Before the Court is Plaintiff's Motion to Remand which asserts the removal was procedurally improper. ECF 9.  Having considered the parties' submissions and the law, the Court recommends that Plaintiff's Motion be granted and this case be remanded to the 164th Judicial District Court of Harris County, Texas from which it was removed.

### I.     Background

On February 5, 2024, after Plaintiff completed a two-week work shift on Rig 534 near Orla, Texas, his fiancé picked him up for the drive to their home in

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 18.

Mississippi. ECF 1-3 ¶11. On the private road leading from Rig 534 to the highway, they hit an 18-wheeler carrying a large A-leg section of an oil derrick, part of which protruded over the back of the trailer. *Id.* ¶ 12. The A-leg smashed through the windshield of the Plaintiff's vehicle, pinning Plaintiff's shoulder and nearly crushing him. *Id.* ¶ 13. The driver of the 18-wheeler pulled forward, dragging the vehicle with Plaintiff pinned inside, further injuring Plaintiff. *Id.* ¶ 14. Eventually, Plaintiff's vehicle pulled loose of the A-leg section and the driver of the 18-wheeler continued driving and left the scene. *Id.* Plaintiff suffered a fractured clavicle, fractured sternum, and five fractured ribs. *Id.* ¶ 15.

On January 12, 2026, Plaintiff filed a negligence action in Texas state court against Grant Smith Trucking (GST), allegedly the owner and operator of the 18-wheeler, H&P, allegedly Plaintiff's employer, Apache Oil Corporation (Apache), allegedly the owner of the oil derrick being transported by the 18-wheeler, and John Doe defendants that were "responsible for loading, operating, coordinating, and/or were otherwise involved in and/or had to the right to control the transportation of the derrick." *Id.* ¶16.

H&P's January 14, 2026 Notice of Removal represents that Plaintiff is a resident and citizen of Mississippi, H&P is a citizen of Oklahoma, defendants GST and Apache are citizens of Texas, and the citizenship of the John Doe defendants is unknown. ECF 1 ¶¶ 8-12. H&P further represents that the court should ignore the

2

citizenship of John Doe defendants for purposes of determining diversity, and that the forum defendant rule did not prevent removal because GST and Apache had not been served at the time of removal. *Id* ¶13.

Apache, a forum defendant, in fact had been served prior to the filing of H&P's Notice of Removal. Plaintiff filed a Motion to Remand asserting that H&P's removal violated the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2). ECF 9-1. In response, H&P filed an Amended Notice of Removal asserting that Apache had been improperly joined and therefore the forum defendant rule did not preclude removal. ECF 11. Plaintiff contends in the Motion to Remand that: the removal is procedurally defective; the Amended Notice of Removal is untimely and H&P waived its right to assert improper joinder; and Apache is not improperly joined. ECF 32. Plaintiff's Motion to Remand has been fully briefed and is ripe for determination.[2] ECF 9; ECF 25; ECF 32; ECF 37-1.

## II.   Removal Standards

A defendant may remove a case from state court to federal court if the federal court has jurisdiction. 28 U.S.C. § 1441(a). A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the

---

[2] H&P moves for leave to file a Sur-reply because Plaintiff's Reply raises new arguments. ECF 37. Given that H&P filed an Amended Notice of Removal asserting an entirely new basis for removal *after* Plaintiff filed his Motion to Remand, Plaintiff necessarily raised new arguments in his Reply. Despite the situation being entirely of H&P's own making, the Motion for Leave is GRANTED. Because the Court does not reach the issue of improper joinder, Plaintiff is not prejudiced by the granting of the Motion.

United States, and over cases where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332. Section 1332 requires complete diversity, which means all plaintiffs must be diverse from all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In determining diversity, district courts disregard the citizenship of John Doe defendants. 28 U.S.C. § 1441(b)(1); *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001). The Fifth Circuit has also held that when assessing diversity, district courts should disregard the citizenship of any party improperly joined for the purpose of defeating diversity jurisdiction. *Carver v. Bauster*t, No. 25-30101, 2026 WL 581819, at *1 (5th Cir. Mar. 2, 2026) (holding that if the "plaintiff has not stated at least a plausible claim against the nondiverse defendant, the defendant's presence will not defeat complete diversity" (citations omitted)).

In cases where federal jurisdiction is premised solely on diversity jurisdiction, 28 U.S.C. § 1441(b) imposes a procedural limitation known as the "forum defendant rule." Section 1441(b)(2) states:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

*Texas Brine Company, L.L.C. v. American Arbitration Association, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). "The forum defendant rule exists because removal based

4

on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court, but those concerns are absent in cases where the defendant is a citizen of the state in which the case is brought." *Prutz v. One World Technologies, Inc.*, No. 23-1600, 2024 WL 3174523 at *2 (M.D. La. June 6, 2024) *report and recommendation adopted*, No. 23-1600, 2024 WL 3171849 (M.D. La. June 25, 2024). Fifth Circuit precedent allows "snap removal," meaning the forum defendant rule does not bar removal if it occurs *before* a forum defendant has been served. *Anaya v. Schlumberger Tech. Corp.*, No. 24-20170, 2024 WL 5003579, at *3 (5th Cir. Dec. 6, 2024) (holding that "§ 1441(b)(2) is unambiguous and inapplicable until the defendant is served.").

## III.   Analysis

Complete diversity exists in this case because Plaintiff is a citizen of Mississippi and Defendants are citizens of Oklahoma, Delaware, and Texas. ECF 1 ¶¶8-12. H&P's Notice of Removal asserts that the forum defendants had not been served at the time of removal, making snap removal appropriate. *Id.* ¶14. After discovering Apache, a forum defendant, *actually had been served* prior to the filing of its first Notice of Removal, H&P filed an Amended Notice of Removal to assert improper joinder of Apache. ECF 25 at 2. For purposes of the Motion to Remand, Plaintiff and H&P agree that (1) there is complete diversity among the parties and the amount in controversy exceeds $75,000; (2) Apache is a Texas citizen and a forum

defendant;   (3) Apache was served a short time before H&P filed its Notice of Removal; (4) GST is a Texas citizen and a forum defendant; and (5) GST was served prior to H&P's filing of its Amended Notice of Removal.  ECF 11 ¶¶ 4-5, 8-12; ECF 11-3 ¶¶2-5, 10; ECF 9; ECF 25.

The issue presented here is whether H&P's removal of this case was procedurally correct.  *See Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (holding that the forum defendant rule is a rule of procedure, not jurisdiction).  As required by 28 U.S.C. § 1447(c), Plaintiff timely filed a Motion to Remand objecting to procedural defects in the removal.  ECF 9.  H&P argues in response that the Court should ignore the Texas citizenship of the forum defendant Apache because Plaintiff improperly joined Apache as a defendant.  ECF 25. Because the Court finds H&P's removal was procedurally defective, it does not address whether Defendant has met its heavy burden to show Plaintiff improperly joined Apache as a defendant.  *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (holding that a party claiming improper joinder bears a heavy burden, citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004)).

A.   **H&P filed the Amended Notice of Removal within the 30-day removal period and therefore did not waive the right to assert improper joinder.**

After discovering that Apache in fact had been served prior to the filing of the Notice of Removal, making the snap removal improper, H&P filed an Amended

6

Notice of Removal.  The Amended Notice of removal asserts improper joinder of Apache as the sole basis for removal.  *See* ECF 11.  Plaintiff first argues H&P waived the right to assert improper joinder by failing to include it in the original Notice of Removal.

The 30-day deadline in § 1446(b)(1) is a "strict, mandatory" provision and is not subject to equitable tolling.  *Enbridge Energy, LP v. Nessel on behalf of Michigan*, 146 S. Ct. 1074, 1082 (2026).  A removing defendant is permitted to file an amended notice of removal within the 30-day removal period but thereafter may amend the notice only to clarify jurisdictional allegations contained in the original notice. *New Bethlehem Missionary, Baptist Church v. Church Mut. Ins. Co*., No. CIV.A. H-09-3901, 2010 WL 936477, at *2 (S.D. Tex. Mar. 11, 2010).  H&P's Amended Notice of Removal does not clarify jurisdictional allegations but asserts an entirely new rationale for removal.  *Compare* ECF 1 *with* ECF 11.  Thus, to be effective, the Amended Notice of Removal must have been filed within the original 30-day removal period.

Plaintiff filed his Original Petition on January 12, 2026.  ECF 1-3.  H&P filed the original Notice of Removal on January 14, 2026.  ECF 1.  H&P was served on January 16, 2026.  ECF 11-7.  H&P filed the Amended Notice of Removal on February 13, 2026.  Plaintiff argues that the 30-day period commenced on January 14, 2026, one day after H&P received a copy of the Petition through the Harris

7

County docket system.  ECF 32 at 4, 7-8.  Thus, Plaintiff argues the 30-day period expired on February 12, 2026, one day before H&P filed the February 13, 2026 Amended Notice of Removal.  *Id*.

The Supreme Court has interpreted § 1446(b) to mean "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347–48 (1999).  Following *Murphy Bros.*, Fifth Circuit precedent holds that the 30-day removal period commences upon formal service, not receipt of the complaint through informal channels. *Groff Tractor Mid Atl., L.L.C. v. Rubble Master Americas Corp*., No. 25-10781, 2026 WL 687196, at *1 (5th Cir. Mar. 11, 2026) (citing *City of Clarksdale v. BellSouth Telecomms., Inc*., 428 F.3d 206, 210 (5th Cir. 2005)).  Plaintiff's waiver argument fails because the February 13, 2026 Amended Notice was filed within the 30 days of service of the Complaint on H&P, which occurred on January 16, 2026.

**B.    The Court cannot disregard Apache's presence as a diverse, forum defendant based on improper joinder.**

Title 28 U.S.C. § 1441(b)(2) provides what is known as the "forum defendant" rule:

> A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Here, H&P argues Apache's status as a forum defendant may be disregarded because Apache was improperly joined and therefore 28 U.S.C. § 1441(b)(2) does not prevent removal. Notably, H&P does not argue that Apache was improperly joined to defeat diversity jurisdiction, and all parties agree that complete diversity exists between Plaintiff and Defendants. *See generally* ECF 1; ECF 9; ECF 11; ECF 25; ECF 32; ECF 37-1. In support of its argument that a party's status as a diverse forum defendant may be disregarded if improperly joined, H&P cites *Bryant v. Gen. Motors LLC*, No. 2:15-CV-157, 2015 WL 13672840, at *2 (S.D. Tex. June 23, 2015).[3] ECF 25 at 3-4. Unlike this case, the forum defendant in *Bryant* had not yet been served by the pro se plaintiff at the time of removal. 2015 WL 13672840, at *2. General Motors removed the case only after the plaintiff voluntarily non-suited the only non-diverse defendant that had been served, an action that made the case removable. *Id*. The pro se plaintiff in *Bryant* confused the issues of diversity of citizenship with § 1441(b)(2)'s bar on removal of a case with a diverse forum defendant. *See Bryant*, 2015 WL 13672840, at *1 (stating "Bryant's argument

---

[3] H&P also cites *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019), but that case is inapposite because it involved the impact on removability of voluntary v. involuntary dismissal of a non-diverse defendant.

appears to confuse the issue of diversity of citizenship with that of the non-removability of a case with a defendant that is a citizen of the forum state"). *Bryant* is not binding precedent and is not persuasive for reasons set forth below.

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs*., 408 F.3d 177, 183 (5th Cir.2005)). A finding of improper joinder for the purpose of defeating diversity requires the removing party to prove either fraud in the jurisdictional allegations or that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the diversity-destroying defendant. *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573 (5th Cir. 2004).

The Fifth Circuit has not ruled on the precise issue presented here: whether the improper joinder doctrine can be used to disregard a diverse forum defendant and avoid the removal bar under § 14412(b)(2). *See Turner v. Aerion Rental Servs., LLC*, No. CV 23-1666-JWD-RLB, 2024 WL 5703920, at *4 (M.D. La. June 5, 2024), *report and recommendation adopted*, No. CV 23-1666-JWD-RLB, 2024 WL 5703921 (M.D. La. June 20, 2024) (observing that "[n]o Circuit, let alone the Fifth Circuit, has conclusively held that the improper joinder doctrine extends to forum defendants"). District courts within the Fifth Circuit have ruled inconsistently when faced with the argument that § 1441(b)(2) does not bar removal of a diverse forum

10

defendant if that defendant was improperly joined. *Compare Taylor v. Cavender Buick of Texas Ltd.*, No. SA-16-CV-724-XR, 2016 WL 6581353, at \*1 (W.D. Tex. Nov. 7, 2016) (denying remand because diverse forum defendant was improperly joined) *with Turner*, 2024 WL 5703920, at \*2 (holding that "the improper joinder doctrine only applies where a district court would lack diversity jurisdiction over a removed action unless the court ignores the citizenship of a non-diverse defendant"). Recent cases from district courts in the Fifth Circuit, primarily from the Western District of Louisiana and the Northern District of Texas, follow *Turner*. *See Craft v. Louisiana Dep't of Transportation & Dev.*, No. CV 25-467-JWD-EWD, 2026 WL 393947, at \*3 (M.D. La. Jan. 23, 2026), *report and recommendation adopted*, No. CV 25-467-JWD-EWD, 2026 WL 386787 (M.D. La. Feb. 11, 2026) (holding that the improper joinder doctrine is not applicable to a forum defendant); *C&R Transp. Servs., LLC v. Ritchie Bros. Auctioneers (Am.) Inc.*, No. 4:23-CV-00536-O-BP, 2023 WL 8937163, at \*4 (N.D. Tex. Dec. 6, 2023), *report and recommendation adopted*, No. 4:23-CV-00536-O-BP, 2023 WL 8936706 (N.D. Tex. Dec. 27, 2023) (holding that "[b]ecause the improper joinder doctrine is a narrow exception to complete diversity, it is not applicable to a diverse defendant."); *Monical v. Johnson & Johnson*, No. 3:22-CV-00859-K, 2022 WL 17835060, at \*5 (N.D. Tex. Dec. 20, 2022) (declining "the opportunity to explicitly extend the fraudulent joinder doctrine to the forum defendant rule where the parties are diverse"); *Prutz v. One World*

*Techs., Inc.*, No. CV 23-1600-SDD-RLB, 2024 WL 3174523, at *4 (M.D. La. June 6, 2024), *report and recommendation approved*, No. CV 23-1600-SDD-RLB, 2024 WL 3171849 (M.D. La. June 25, 2024) (agreeing with those district courts holding that the improper joinder doctrine "does not apply for the purpose of ignoring the citizenship of diverse forum defendants"). This Court agrees with the above cases rejecting application of the improper joinder doctrine in this context.

Where complete diversity exists, there is no reason to apply an exception to the rule of complete diversity. Diversity jurisdiction exists here regardless of whether Apache was improperly joined. The Fifth Circuit explained in *Smallwood*, 385 F.3d at 576, that "[t]he doctrine of improper joinder implements our duty to not allow manipulation of our jurisdiction." That purpose is not furthered by applying improper joinder in this context.

In sum, because Apache is a forum defendant served prior to removal, removal was improper under 28 § 1441(b). Furthermore, GST, also a forum defendant, was served on January 22, 2026. ECF 11-6. Thus, GST had been served by the time H&P filed its Amended Notice of Removal. Yet, H&P fails to argue that GST was improperly joined. H&P has not presented authority that the date of filing an Amended Notice of Removal relates back to the date of filing the first Notice of Removal when it presents an entirely new basis for removal. Removal pursuant to the Amended Notice of Removal, it appears, would also be barred by the forum

12

defendant rule due to the presence of GST, a diverse, properly joined and served, forum defendant. The Fifth Circuit has clearly instructed district courts that § 1441 must be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Here, doubt as to the propriety of removal requires remand.

### C.    H&P did not obtain consent as required by 28 U.S.C. § 1446(2)(A).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to removal of the action." 28 U.S.C. § 1446(2)(A). The record does not reflect that H&P secured Apache's (or GST's) consent to removal, either before filing the initial Notice of Removal or before filing the Amended Notice of Removal. *See* ECF 1; ECF 11. ECF 25 at 10 n.6. H&P cites no authority to support application of improper joinder doctrine as a method to excuse the requirement of consent to removal from a diverse forum defendant. District courts have held that the improper joinder doctrine deals with matters of diversity jurisdiction, not the procedural requirement of consent, and thus the consent requirement is not excused when the non-consenting defendant's presence in the case does not destroy diversity. *See Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 571–72 (N.D. Tex. 2015) (granting motion to remand where presence of non-consenting defendant did not impact jurisdiction and thus alleged improper joinder was not a valid exception to the consent rule); *see also Chavez v. Goodyear*

13

*Tire & Rubber Co.*, No. 4:17-CV-00714-ALM, 2018 WL 501092, at *2 (E.D. Tex. Jan. 22, 2018) (holding that improper joinder of a diverse party is not one of the exceptions to the consent rule).  Thus, H&P's failure to obtain the consent of Apache before its first Notice of Removal and of GST before the Amended Notice of Removal are additional reasons why H&P's removal was procedurally defective and Plaintiff's Motion to Remand should be granted.

## IV.    Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Plaintiff's Motion to Remand be GRANTED.

Signed on June 15, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge